ALBANY,
August, 1810.

FENTON
v.
GARLICK.

Rule granted.

———

FENTON, Administrator, &c. *against* GARLICK.

VAN BUREN, for the defendant, moved to set aside the default, and all subsequent proceedings in this cause, for irregularity.

It appeared that this was an action of debt, on a judgment recovered against the defendant in the state of *Vermont;* that no notice of any assessment of damages, or inquiry of damages had been given to the defendant, nor had a copy of the costs, or notice of the taxation, been served upon him, or his attorney. There was also an affidavit of merits; and it appeared that the defendant's attorney had sent a plea to be filed in the clerk's office, and a copy thereof to be delivered to the plaintiff's attorney; but the person by whom they were sent neglected to file or deliver the plea.

The principal question was, whether a writ of inquiry of damages was necessary in such a case, or an assessment by the clerk.

*Van Buren* cited *Tidd's K. B. Pr.* 575. 8 *Term Rep.* 395. 3 *Johns. Rep.* 59.

*Ford,* contra.

In actions of debt where a judgment by default is obtained, the plaintiff need not issue a writ of inquiry, to ascertain the interest or damages, but the same may be ascertained by the clerk, and taxed with the costs. The plaintiff must, however, give notice to the defendant, of the taxation before the clerk; and if he neglects to give such notice, the court will not set aside the judgment, but order a relaxation on proper notice, and if any deduction is made, on the retaxation, the amount is to be credited on the execution. Where a plea was sent to the plaintiff's attorney, but miscarried, and a judgment by default was entered for want of a plea; the court, on an affidavit of merits, allowed the defendant to come in and plead and go to trial; but ordered the judgment to stand as security, as the party had lost a trial.

ALBANY,
August, 1810.

FENTON
v.
GARLICK

*Per Curiam.* The first question is, whether the plaintiff was regular in having interest on his debt taxed by the clerk, without calling in a jury of inquiry. The action is *debt,* on a judgment in *Vermont;* the case is therefore to be distinguished from that of *Messin* v. *Massarene;* (4 *Term Rep.* 493.) for that was an action of *assumpsit* upon a foreign judgment. In the one case the plaintiff recovers the sum *in numero;* but the other is an action sounding wholly in damages. In *Blackmore* v. *Flemying,* (7 *Term Rep.* 446.) it was held to be at the election of the plaintiffs, to have the prothonotary tax interest on the judgment on which the action of debt was brought, or to have the sum assessed by a jury of inquiry. In *Nelson* v. *Sheridan,* (8 *Term Rep.* 395.) the court of K. B. refused to grant a rule to refer a similar point to the master, and said it should be left to a jury. These cases are not reconcilable with each other; but the former is the better guide, and the more correct decision; for it is warranted by the settled practice, and the old authorities. (*Roe* v. *Apsley,* 1 *Sid.* 442. *Holdipp* v. *Otway,* 2 *Saund.* 107.) The case, in *Saunders,* is a strong decision, on this very point. The court of K. B. there say, that it is the whole course and practice of both courts, upon a judgment in debt by default or confession, to tax the damages, on occasion of the detention of the debt, as well as the costs of suit ; and it being with the assent of the plaintiff, which is always entered upon the record, it shall conclude the defendant ; and if the plaintiff will not assent to it, he shall have a writ of inquiry of damages, on occasion of the detention of the debt, if he will, but it is in the election of the plaintiff, and not of the defendant. And in a late case, *Longman* v. *Fenn,* (1 *Hen. Black.* 441.) the court of C. B. said the practice was clear, in actions of debt, to refer it to the prothonotary to ascertain the interest and costs.

The proceeding was then regular in this respect, and is only defective in the want of notice to the defendant, of the taxation of the interests and costs. This notice the defendant was entitled to; but the practice is not to set aside the entry and docket of judgment, for the omission, but to require the attorney, at his own expense, to give new notice of taxation, and to credit the defendant, on the execution, with such deduction as may be made.

The defendant must be let in to plead upon terms. He swears to merits, and the omission to plead in time, arose from accident, not negligence. But the plaintiff has lost a trial, and he proves *declarations of the defendant,* of an intention to put his property out of his hands. The court, therefore, direct, that the execution be set aside, upon payment of costs; that the judgment stand as a security; that the plaintiff's attorney give notice of retaxation, before he proceeds under the judgment; that the plaintiff be at liberty to change the venue to either of the counties of *Montgomery* or *Schenectady ;* and, in that case, that the defendant plead issuably, and *instanter,* and take short notice of trial, for the ensuing circuit, in one of those counties.

Rule accordingly.