BISHOP *vs.* COOK.

It is well settled that in the case of a chattel mortgage, the question whether the mortgage was given for a valuable consideration, in good faith, and without an intent to defraud creditors, is one for the jury, and cannot be taken from them.

Where, the office of town clerk being vacant, a person who had charge of the office, received a chattel mortgage brought to the office to be filed, indorsed it "Filed Oct. 20, 1845," and placed it among the chattel mortgages in the office; *Held*, that this was a valid *filing* of the mortgage, within the meaning of the statute.

APPEAL from the Livingston county court. This action was originally commenced before a justice of the peace of Livingston county, where the plaintiff, the present appellant, recovered judgment. The defendant, the present respondent, appealed to the county court of Livingston county, and upon trial in that court, judgment of nonsuit was granted, with costs against the plaintiff; from which he appealed to this court.

The action before the justice was trespass for taking and carrying away certain personal property of the plaintiff. To which the defendant pleaded not guilty, and gave notice of special matter. On the trial in the county court, the plaintiff gave in evidence a chattel mortgage executed by George Bishop, under his hand and seal, to the plaintiff, bearing date October 18th, 1845, by which the said George Bishop, for the consideration, as therein expressed, of $217,36, by him owing to the plaintiff, (the said John F. Bishop,) granted, bargained and sold to the said plaintiff, various articles of personal property therein specified and enumerated, conditioned that if the said George Bishop should pay the plaintiff $217,36 in ten months from the date of the mortgage, with interest, "according to a certain note bearing date April 19th, 1845, for $210,25, and being due one year from date, said note being given for moneys borrowed at sundry times, then these presents and every thing herein contained shall cease and be void." The mortgage contained a provision that in case of default in payment, the mortgagee might enter the premises of the mortgagor, &c. and take and carry away the goods mortgaged and sell the same, &c. and until default in payment, the

mortgagor was to remain in possession of the goods, &c. unless he, or some other person or persons, should attempt to sell, assign, secrete, remove, or otherwise dispose of said goods, &c. in any way whatsoever; in which case it was to be lawful for the mortgagor, &c. to take immediate possession thereof and keep the same until default in payment, and then to sell the same as aforesaid.

On the back of the mortgage were the following indorsements: "Filed October 20th, 1845, at 5 o'clock P. M." Also "Filed January 17th, at ten minutes past three o'clock P. M., in the year 1846." "Hugh Cameron, Town Clerk." The following facts were then admitted by the counsel for the defendant: That at the time of the filing of the mortgage there was no town clerk in the town of Avon; that Clark K. Estee had the keys of the clerk's office; that the indorsement in these words, "Filed October 20th, 1845," was in the hand-writing of said Estee, made at the time it bore date, and that the mortgage was placed by him among the chattel mortgages in the town clerk's office, and that the mortgage now belonged to the town clerk's office of the town of Avon.

The plaintiff proved that the second indorsement on said mortgage was in the hand-writing of Hugh Cameron. That he was town clerk of the town of Avon at the time said indorsement bore date; and that he was appointed such town clerk in December, 1845, or January, 1846. The plaintiff proved by the said George Bishop that he, the witness, lived in the town of Avon, and had lived there for thirty years. That he executed the mortgage in question, at the time it bore date. That the consideration of the mortgage was for something over $200 borrowed money. That Cook, the defendant, levied on the property in question in December, 1845. That he, the witness, told him there was a chattel mortgage on the property; that Cook said he did not care for that, for there was no town clerk at the time it was filed. That the property levied upon was a part of that described in the mortgage. After that, (in January, the witness thought,) he came and sold a part of the property, which was taken away, except some wheat on the ground. The witness, on

being shown the note mentioned in the mortgage, dated April 19th, 1845, for $210,25, testified that he gave it at its date. On cross-examination this witness testified to various facts and circumstances, which it is unnecessary to detail. The plaintiff, after proving the value of the property levied upon and sold by the defendant, rested.

The defendant then gave in evidence a judgment in favor of Winthrop H. Chandler and Lewis Chandler against the said George Bishop for $30,33, rendered by a justice of the peace of Livingston county, on the 29th day of December, 1845, and an execution issued thereon dated January 9th, 1846, returnable in ninety days. On the execution was an indorsement signed " E. Cook, constable," that he had levied on the entire personal property of the defendant, specifying the articles, and dated January 9th, 1846, and a receipt of the plaintiffs therein in full of the damages and justice's costs; dated January 24th, 1846.

It was admitted by the plaintiff's counsel, that the defendant was a constable, and that the property in question was taken by him by virtue of said execution, and that the indorsement was in the hand-writing of the defendant.

The counsel for the defendant then moved for a nonsuit, on the ground that the mortgage under which the plaintiff claimed to recover, had not been properly filed in the office of the clerk of the town of Avon, pursuant to the statute, previous to the levy by the defendant on the property in question; and that it had not been made to appear, on the part of the plaintiff, that the mortgage to him was made in good faith, without any intent to defraud creditors.

The county court granted the motion for a nonsuit, and the plaintiff's counsel duly excepted.

*James Wood, jr.*, for the appellant.

*Amos Dann*, for the respondent.

*By the Court*, WELLES, J. It is now well settled that in the case of a chattel mortgage, the question whether the mort-

Bishop *v.* Cook.

gage was given for a valuable consideration, in good faith and without an intent to defraud creditors, is one for the jury, and cannot be taken from them.

The only question that remains in the present case is whether the mortgage under which the appellant claimed, was properly filed, on the 20th October, 1845. At that time there was a vacancy in the office of town clerk in the town of Avon. The vacancy continued until after the respondent's execution was levied. The cause of the vacancy does not appear. The bill of exception shows that one Estee had the keys of the office, and the mortgage in question was placed by him among the chattel mortgages in the office on the day mentioned, and indorsed by him "Filed Oct. 20th, 1845."

The statute is that the mortgage shall be void as against creditors, &c. unless the mortgage, or a true copy thereof " shall be filed in the office of the town clerk," &c. (*Laws of* 1833, *ch.* 279, §§ 1, 2. 2 *R. S.* 3*d ed.* 196, §§ 9, 10.)

Webster defines the verb transitive, to file, as follows : "1. To string, to fasten, as papers, on a line or wire for preservation. Declarations and affidavits must be filed ; an original writ may be filed after judgment. 2. To arrange or insert in a bundle, as papers, indorsing the title on each paper. *This is now the more common mode of filing papers in private and public offices.* 3. To present or exhibit officially, or for trial, as, to *file* a bill in chancery." It is clear to my mind that the meaning of the word, as used in the statute, is that contained in the second definition. Estee, who appears to have had charge of the office, and the custody of the papers, and who perhaps may be regarded as the town clerk *de facto*, at the time, received the mortgage, marked upon it the time, and placed it among the chattel mortgages in the office. This, in my opinion, was filing it, within the meaning of the statute. It is a mistake to suppose that the marking or indorsing on the paper the time of filing it, is the substantial thing, or the act of filing. Such indorsement is merely a memorandum *of the time* of the filing, and not the filing itself. The filing consisted in presenting the mortgage at the office and leaving it there, and depositing it in the proper place

with the papers in the office.    This was done in the present
case, and was all the appellant, under the circumstances, could
do, and all the law required of him.    Although there was no
town clerk *de jure*, there was a town clerk's office, and a town
clerk *de facto*.

If there had been no vacancy in the office of town clerk, the
party should not be deprived of his rights by the neglect of the
officer to mark upon the mortgage the time of filing it.

The judgment of the county court should be reversed, and a
new trial awarded in that court, with costs to abide the event.

[Monroe General Term, September 5, 1850.    *Welles, Selden* and *Johnson*,
Justices.]