Ford vs. Brooks.

---

### No. 8287.

JAMES FORD AND WIFE vs. WM. H. BROOKS, CONSTABLE, ET AL.

<div style="float:right">

| 35 | 151 |
|----|-----|
| 48 | 815 |
| 35 | 151 |
| 119 | 227 |

</div>

It is not enough for a party litigant or his attorney to place in the hands of the Clerk of Court a document which is to be filed. Such party or his attorney must see that the document *be actually filed* by the Clerk, or he must bear the consequences of the non-filing.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*R. King Cutler* and *A. T. Steele* for the Appellants.

*Jos. P. Hornor* and *F. W. Baker* for the Appellees.

#### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendants and appellees move to dismiss this appeal on the ground of the incompleteness of the transcript by the fault of the appellant, and the insufficiency of the Clerk's certificate.

The defense is, that the motion was not filed within three judicial days after the transcript was filed.

Ford vs. Brooks.

The motion is loose in the transcript and bears no clerical endorsement. The transcript was filed on the 21st of April, 1831. On the 3d of August following, counsel for the appellees made an *affidavit* with a view to show that on the 21st of April he handed the motion to dismiss to one of *the Clerks* in the office—which one he did not remember.

The Court takes notice *ex-officio,* that more than three judicial days had elapsed between the 21st of April and the 3d of August, when the affidavit was filed.

Apart from the circumstance that the *affidavit* does not identify the motion and is irregular, and is fatally vague and defective, we do not feel authorized to consider that the motion was *filed* within the time appointed by law, and we must ignore it.

It is indisputable that a motion to dismiss an appeal, based upon the grounds upon which the present one rests, must be made and filed within the three judicial days following that on which the transcript itself is to be filed. H. D. 72; L. D. 45, (8.)

*Filing, vel non,* is the question to be determined.

*First.* It is necessary to ascertain what meaning the law attaches to the word; what definition has been given it in other States.

Abbott, L. D., says, that " to file, and filing, mean the act either of the party in bringing the paper and depositing it with the officer for keeping, or the act of the officer in folding, endorsing and putting up the paper." Vol. 1, p. 496, Vo. File.

But, according to the Supreme Court of Indiana, which had previously decided otherwise in a criminal case, 2 Ind. 91, filing is effected by delivering the paper, endorsed with the title of the cause and the attorney's name, to the clerk of the court, who marks it " *filed,"* adding the date, and deposits it under the proper head among the papers or files of his office. The mere leaving the instrument with the clerk is not sufficient, unless the purpose of so leaving it is stated and not left to inference. 6 Ind. 309, Lamson vs. Falls.

" Filing," according to the Supreme Court of Iowa, imports more than a mere reception into the custody of the clerk of the court. His endorsement is necessary.

The Supreme Court of Missouri says also, that " filing," as used in a statute regulating the time of filing bills of exception, comprehends not merely the endorsement to that effect, but the entry by the clerk on the record that the bill has been allowed. 55 Mo. 301.

Different rulings can be found that the endorsement is unnecessary. 2 Ark. 123; 2 Blatch. 249; 13 Barb. 329; but we do not understand that there existed, in the States in which they were made, provisions analagous to those of Article 176 of our Code of Practice, which to our mind is decisive of the question. It provides that " the petition,

together with all the annexed documents, must be delivered to the clerk of the court to which it is addressed, who shall receive it and endorse *immediately* the date of the day, month and year when he received it." See also, C. P. 776.

What difference exists between the filing of a petition and that of any other proceeding is not discernable.

Ever since 1805, such has been the law in Louisiana. See Acts of 1805, ch. xxvi.

In White vs. Bank, 6 An. 162, it was held, *in pari materia*, that it is not enough for a person claiming a mortgage or privilege, to deposit the acts to be recorded with the recorder of mortgages. He must *see* that they are recorded. 7 An. 67.

The omission on the part of the officer to do his duty may subject him to damages, where any are suffered, but it surely cannot have the effect of a registry and thus prejudice persons acquiring rights by such dereliction of duty. 26 An. 678.

In Stafford vs. Harper, 32 An. 1078, this Court has held that litigants who introduce written evidence should not only produce it, but *see* that it is properly noted and filed, in order that they may form part of the record and be in a condition to be considered by the Court.

Had the movers presented themselves at the clerk's office, within office hours, and not found the Clerk or any deputy having authority to receive and file the motion, thus doing everything in their power, a different case might have been presented. 24 An. 333.

*Lex neminem cogit ad impossibilia.*

But such is not the fact presented. The *affidavit*, if it could be considered, would show that the motion was left with one of the Clerks, which one, affiant neither names nor assumes to be able to name.

From the foregoing, it clearly results that the filing of a document consists both in the handing of it to the clerk and in the endorsement of it by that officer, with the date on which it came to his hands. It is of time immemorial usage, that besides, the clerk or his deputy attests the endorsement under his official signature.

*Second.* To prove that a paper has been filed at a particular time, it should itself be produced as the best evidence of the fact. It is only when it has been lost or destroyed that secondary testimony is allowable to establish the fact and the date of the filing. The affidavit is, therefore, irregular and inadmissible.

To rule differently would be to sanction and inaugurate a loose and vicious practice, likely to prove fruitful of abuse.

It is true that in this case the affidavit is not contradicted, nor could it be; owing to its vagueness and uncertainty. No one could take a

counter *affidavit*, who had not been named as the person or officer to whom the motion was delivered. · Had it been, how could this Court pass·upon the question of fact, having no original jurisdiction ?

*Rights claimed by litigants, as growing out of judicial proceedings, must appear from the face of an authentic record and cannot be allowed to rest upon matters in pais.*

In a court of record, that which the law requires to be put in writing and which is not so made to appear, must be considered as having never been done.   6 An. 707; 21 An. 649; 33 An. 140.

*De non apparentibus et de non existentibus, eadem est lex.*

It is, therefore, ordered that the motion be dismissed with costs.

Justices Todd and Fenner dissent. ·

---

### DISSENTING OPINION.

FENNER, J.   The motion to dismiss is *found in the record*, but without the usual endorsement of filing by the Clerk.  ·

· The affidavit of counsel that the motion "·was written by him on the 22d of April, 1881, in the clerk's office of the Supreme Court, one of the Clerks in said office furnishing him the paper; that, after he had written the motion, he handed it, with the transcript, back *to the Clerk or one of the deputies,* which one he does not now remember, with *the request that he file the same ;* that he first discovered that the motion had not been filed on the 2d of August, 1881, and immediately called the attention of the Clerk of this Court to this fact."

Nothing is presented tending, in the slightest degree, to impeach or contradict this affidavit, and it must be accepted by us as importing absolute verity.

I fear that members of the bar will be surprised, if not alarmed, to learn that, in the performance of·that most common of all their duties, the filing of papers in court, they are required to do more than was done by the counsel in this case, under risk and peril of the gravest penalties and·forfeiture of rights of their clients, and the consequent danger of serious responsibilities to themselves.  ·

The following authorities seem to me to indicate the proper solution of the question.

· Bouvier adopts as his definition of the word " file," the following quotation from·13th·Vinney's Abridgement, p. 211 : "A paper is said to be filed when it is delivered to the proper officer and by him received to be kept on file."   Bouvier L. D., verbo " File."

Abbott defines it: " to place papers on a file ; or, more generally, to deposit papers in official custody, or receive them officially for orderly, systematic safe-keeping."   He further says: " To file, and filing, mean the act of either party bringing the paper and depositing it with the

officer for keeping, or, the act of the officer in folding, endorsing and putting up the paper,"—thus distinguishing between the duty of the non-official person, who files a paper with an officer, and that of the officer himself.

In a criminal case before the Supreme Court of Indiana, objection was made that the indictment had not been filed in the Circuit Court; but the Court said: " We understand a paper in a cause to be filed when it is delivered to the clerk and received by him to be kept with the papers in a cause," and concluding that " the statements sufficiently show that the indictment had been delivered to, and received in his official capacity by, the Clerk of the Circuit Court," the Court overruled the objection.   Engleman vs. State, 2 Ind. 92.

In a case before the Supreme Court of Kentucky, it was held that where an answer was lodged with the clerk and found among the papers in the cause, though not noticed on the record, the Court should respect it and direct its appearance to be entered *nunc pro tunc*.  White vs. Lewis, 2 A. K. Marshall, 123.

" In this country, and at this day, filing (papers) means, agreeably to our practice, depositing them in due order in the proper office." Naylor vs. Moody, 2 Blackf. 248.

The Supreme Court of New York said: " It is a mistake to suppose that the marking or endorsing on a paper the time of filing it, is the substantial thing or the act of filing.  Such an endorsement is merely a memorandum of the time of filing, and not the filing itself.   The filing consisted in presenting at the proper office and leaving it there and depositing it in the proper place with the papers in the office. This was done in the present case and was all the appellant could do, and all the law required of him."  Covey vs. Noggle, 13 Barb. 329.

Where a plea was sent to plaintiff's attorney, but miscarried, and judgment by default was entered for want of a plea, on affidavit, the Court finding that the omission resulted from *accident* and *not negligence,* reopened the default on terms.    Fenton vs. Garlick, 6 Johns. 287.

Where a plaintiff was ordered to file replication in ten days or that it be deemed abandoned, and he inadvertently filed a copy of the replication instead of the original, he was allowed, after the time, to correct the error and file the latter.   Short vs. May, 5 Sandf. N. Y. 639.

Allowance of pleading out of time is a matter of discretion.   Hair vs. Moody, 9 Ala. 399.

Statutes fixing time for filing papers in a cause are merely directory, and the Court has it always in its power, in the exercise of a proper discretion, to extend time whenever the ends of justice would be promoted.   Woods vs. Fobes, 5 Cal. 62.

Ford vs. Brooks.

Art. 176 of our Code of Practice, quoted in the majority opinion, strongly confirms me in these views. The whole duty imposed, by that Article, on the attorney or his client is, that the petition " must be delivered to the clerk of the court to whom it is addressed," while it is made the exclusive duty of the clerk to " receive it and endorse immediately the date of the day, month and year when he received it."

When one has performed the whole duty imposed on him by the law, he cannot be prejudiced by the failure of others to perform their duties. An attorney who has delivered a paper to the clerk with the request or order to file it, is no more responsible for the failure of the clerk to perform his duty in marking it " filed," than he would be for his failure in his duty to preserve and take care of the paper so filed.

In case of loss of the paper through negligence of the clerk, the party, upon affidavit, would surely be permitted to supply it. On the same principle, and upon the like affidavit, in the present case, he should have remedy for the neglect of the clerk to perform his plain duty of marking the paper filed.

The objection that our jurisdiction is appellate and revisory only, has no application to our capacity, common to every court, to inquire and ascertain what proceedings, authorized by law, have been taken in our own tribunal.

The authority quoted with reference to the failure of a recorder to record a mortgage filed or deposited with him for that purpose, has no application. There the law expressly gives effect to the mortgage as to third persons only when actually " recorded," and not when merely *filed for record*. Had the law given such effect to the mere *filing* of the mortgage, the decision referred to would not have been rendered, as appears from the decision itself.

In the instant case, I consider that the appellee has *filed* his motion to dismiss within the delay allowed, has done all that the law required of him and has an absolute right to have it considered.

If there were a doubt about his unqualified right, we should yet exercise our discretion in averting from him and his client deprivation of rights resulting, without fault on his part, from the mere negligence of some clerical officer of the Court.

I must, therefore, dissent.

Mr. Justice Todd concurs in this opinion.