Owen, J.
The question involved in the motion before us is that of the jurisdiction of this court to entertain the proceeding in error in which it is filed.
Both parties supposed the proceeding had been duly commenced and was pending in this court, and pi’oceeded with the preparation for the final hearing of it, the same, in all respects, as if it had been properly commenced and was actually pending. To hold this sufficient to invest this court with jurisdiction of the proceeding, without regard to the time of its commencement, would be to treat such proceeding as one in which the statute of limitation is waived unless specially pleaded. The Revised Statutes, sec. 6723, provide that no proceeding to reverse a judgment shall be commenced (except as to persons under disability) *60 unless within two years after the rendition of the judgment complained of.
That the commencement of a proceeding in error within the time prescribed bylaw is essential to clothe the reviewing court with jurisdiction to hear and determine it is too well settled to justify further discussion. Schooner Marinda v. Dowlin, 4 Ohio St. 500; Little Miami R. Co. v. Hopkins, 19 Ohio St. 279; Railway Co. v. Wick, 35 Ohio St. 247; Piatt v. Sinton, 35 Ohio St. 282; Bowen v. Bowen, 36 Ohio St. 314.
It follows that the parties may not by private agreement or consent, nor by voluntary appearance, confer upon this court power to hear and determine a proceeding in error commenced after the time expressly limited therefor.
What circumstances ought to estop a party to deny the jurisdiction of the court pending the consideration of a cause we shall consider hereafter.
The present motion to dismiss is predicated upon the alleged grounds that the petition in error was not filed nor the proceeding in error docketed in this court within two years from the rendition of the judgment complained of.
Was the petition filed within the two years? On May 29, 1884 (nearly four months prior to the expiration of the two years limitation), the petition in error, motion for leave to file it, waiver of notice of such motion, transcript of the record below, the original papers below, ten printed copies each of the record aud plaintiffs’ brief, were deposited by the plaintiff with the clerk in his office, and all indorsed, of that date, with his file mark, except the petition in error. At the time of the filing of these papers, the plaintiff in error had the assurance of the clerk, upon which, he relied and acted, that, upon the granting of the motion therefor, the petition in error would be formally .filed and indorsed. While it was not the practice to do so, there would have been no impropriety in indorsing the petition in error as filed, upon the filing of the motion, as a paper presenting the grounds and assignments of error complained of, and to be considered only for the purposes of the motion. Had *61 this been done, we think that, in the language of Scotty C. J., in Robinson v. Orr, 16 Ohio St. 286, “the objection that there should havé been a distinct act of refiling after leave granted, is too technical and unsubstantial to require grave consideration.” But the petition was in fact “filed.”
When a paper is in good faith delivered to the proper officer to be filed, and by him received to be kept in its proper place in his office, it is “ filed.” The indorsement upon it by such officer of the fact and date of filing is but evidence of such filing. Haines v. Lindsey, 4 Ohio, 90; Nimmons v. Westfall, 33 Ohio St. 221; Bishop v. Cook, 13 Barb. 329.
In every substantial sense, then, the petition in error was “filed” long prior to the expiration of the prescribed period of limitation.
We are not called upon to consider the question of service by summons in error, as nothing is claimed from absence of service. It may be assumed, however, that no formal service was made. But the defendant in error appeared and filed his printed briefs and arguments after the expiration of the two years limitation (thereby ratifying his informal agreement to enter his appearance made prior to such expiration), treated the proceeding as pending, stimulated the plaintiff in error to continue his work of preparation for the hearing, and invoked the action and consideration of the court upon the merits of the controversy. The circumstances of this proceeding call upon us to say that the defendant in error should now be estopped from availing himself of his supposed discovery (made long after the cause was prepared and submitted for final disposition), that this court was without jurisdiction to proceed further.
In the language of the opinion in C. C. & C. R. R. Co. v. Mara, 26 Ohio St. 190: “Any other rule of practice would enable parties to trifle with the court by first requiring it to hear the case upon its merits, and then, when an adverse decision on the merits is reached, turning round and denying its jurisdiction, thus rendering all its labors abortive and *62 useless.” It is said of this cáse by the court in Bowen v. Bowen, 86 Ohio St. 315 : “ We do not question the principle settled in that case, that where the petition in error is filed, but there is no service within the time, the defendant may, after the time, by voluntarily appearing to the merits, estop himself from denying service within the time, or from questioning the authority of the court to hear and determine the case on the merits.”
The jurisdiction of this court does not depend upon the docketing by the clerk of a proceeding in error, and this ground of the motion to dismiss is not well taken.

Motion overruled.