Norton and Gorman Contracting Company, Appellant, *v.* Unique Construction Company et al., Respondents.

### Mechanic's lien — validity of notice of lien.

Plaintiff filed a lien which contained the following clause: "4. The labor performed and the materials furnished, was the moving of a building from the north side of Pacific street and placing the same upon the premises hereinafter described and designated, and the agreed price thereof is $3,460.00." The plaintiff performed its contract with the

6

defendant, the Unique Construction Company, between May 1, 1905, and August 31, 1905. The lien was filed on November 18, 1905. In the meantime various transfers of property had been made as between the defendants. *Held*, that the lien was filed within the statutory time, and in view of the fact that the work was done with the consent of all the defendants, changes of title did not affect plaintiff's rights, and in the light of the clear and uncontradicted evidence in the case, the notice of lien was sufficient and the judgment properly entered for the amount of materials and purchase price of the building.

*Norton & Gorman Contracting Co.* v. *Unique Construction Co.*, 121 App. Div. 585, reversed.

(Argued March 4, 1909; decided March 16, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 23, 1907, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Stewart Ross* for appellant. The time within which plaintiff was required to file its lien only commenced to run from the date of the completion of its contract, and a filing on November 18, 1905, was within the time limited by the statute. (*W. C. Co.* v. *Yuengling*, 125 N. Y. 1–5; *Chase* v. *James*, 10 Hun, 506.) The notice of lien in every way conformed with the requirements of the statute. (L. 1897, ch. 418, art. 1, § 9; *Felgenhauer* v. *Haas*, 123 App. Div. 75; *Griffin* v. *Ernst*, 124 App. Div. 289; *Waters* v. *Goldberg*, 124 App. Div. 511; *Mahley* v. *German Bank*, 174 N. Y. 501.)

*Ralph K. Jacobs* for respondents. The notice of lien did not properly state the materials furnished within the provisions of subdivision 4, section 9 of the Lien Law. (*McKinney* v. *White*, 15 App. Div. 423; *Toop* v. *Smith*, 181 N. Y. 283.) The lien was not filed within ninety days after the last item of materials was furnished. (L. 1897, ch. 418, § 10;

*Mathiason* v. *Barkin*, 62 App. Div. 614; *Duffer* v. *Baker*, 17 Abb. [N. C.] 357; *Hubbell* v. *Schreyer*, 56 N. Y. 604; *Jerome* v. *Q. C. C. Co.*, 163 N. Y. 351.)

Edward T. Bartlett, J.    This is an action to foreclose a mechanic's lien.    In March, 1905, certain individuals purchased land on the south side of Pacific street, in the city of Brooklyn, in contemplation of moving a building from the north side of Pacific street to these premises.    The individuals aforesaid had purchased of the plaintiff the building proposed to be removed for the sum of three thousand dollars.    Subsequently these individuals were incorporated under the name of the Union Construction Company, and shortly thereafter it was ascertained that there was a corporation already existing having that name.    Thereupon the name of the defendant corporation was changed to the Unique Construction Company.    The said individuals contemplated a large extension to the rear of the building requiring certain material amounting to $457.20, which they procured from the plaintiff.

The mechanic's lien subsequently filed by the plaintiff company on November 18th, 1905, states that it claims a lien for the principal and interest of the value, and the agreed price of the labor and materials hereinafter mentioned, upon the real property improved and to be improved and upon such improvement hereinafter described.    The lien goes on to state that the residence of the lienor is 303 Douglas street, in the borough of Brooklyn, in the city of New York; the name of the owner of the real property is the defendant Unique Construction Company, and its interest so far as known to the lienor is in fee; the name of the person by whom the lienor was employed, and to whom it furnished materials, is the said Unique Construction Company, and the person with whom the contract was made is the said Unique Construction Company.

We now come to the clause in the lien which is the subject of this litigation: " 4. The labor performed and the materials furnished, was the moving of a building from the north side

of Pacific street and placing the same upon the premises here-inafter described and designated, and the agreed price thereof is $3,460.00."

The learned trial judge having the advantage of the witnesses before him and the general atmosphere of the trial said : "The plaintiff's building material in the building moved, and the additional labor and materials have been added to the lot on the south side of Pacific street, and were there when the lien was filed. By a rather confusing series of transfers from the individuals to the corporation, and back again from the corporation to Ciancimino, complications are thrown around the transaction, but back of them all are the facts that these three men, acting in concert, agreeing between themselves, having taken the plaintiff's property and divided it between themselves, whether in the form of stock in the Unique Construction Company or otherwise, cannot alter plaintiff's rights."

It is to be observed in this connection that on or about the 21st day of April, 1905, the defendant Unique Construction Company purchased the premises on the south side of Pacific street and received a conveyance of the same; and in order to enable it to borrow money on bond and mortgage on said premises to complete the purchase thereof, the title was conveyed to the defendant Peter Ciancimino ; that thereafter and on September 13th, 1905, the said defendant Peter Ciancimino reconveyed said premises to the Unique Construction Company. The mechanic's lien was not filed by the plaintiff until November 18th, 1905. It appears that on or about the 6th day of December, 1905, the Unique Construction Company again conveyed the premises to the defendant Peter Ciancimino. It also appears that the defendant Elizabeth Ciancimino is the wife of Peter Ciancimino.

The plaintiff performed its contract with the defendant, the Unique Construction Company, between the first day of May, 1905, and the 31st of August, 1905.

These conveyances and reconveyances of the premises in question, and more particularly the final transfer from the

Unique Construction Company to the defendant Ciancimino, in December, 1905, long after the filing of the mechanic's lien by plaintiff, go far to justify the strictures of the trial judge.

The majority of the learned Appellate Division, in reversing the judgment of the Special Term, were of opinion that subdivision four of the lien was not sufficient to cover plaintiff's claim. The minority justices placed their dissent "on the ground that no question was raised below of the sufficiency of the notice of lien, but on the contrary the case was tried on the assumption that the notice of lien was sufficient."

While we are inclined to agree with the views of the dissenting justices, we prefer to rest our reversal upon the sufficiency of subdivision four of the lien.

It will be observed that the plaintiff stated that its lien covered labor performed and materials furnished, and that it was the moving of a building from the north side of Pacific street and placing the same upon the premises selected for the future site. The lien then groups in one amount the value of the building and of the material which plaintiff furnished in placing the structure on the south side of Pacific street. The notice reads, "and the agreed price thereof is $3,460.00." It was clearly proved that the purchase price of the building was $3,000.00, and the value of material sold by plaintiff to the Unique Construction Company was about $460.00.

The Appellate Division placed a too narrow construction upon the language under consideration. It failed to give adequate meaning to the words, "placing the same upon the premises hereinafter described." The moving of a building on to a vacant lot is one thing; the placing of that building in a permanent manner is something very different.

The parties in interest, according to this record, were fully aware of the labor that was bestowed by plaintiff upon this building after it had been moved to the south side of Pacific street. The plaintiff sold for this work 4,300 cubic feet of building stone, 4,140 square feet of flooring and 2,800 of

front brick; it also did the work of excavating for the placing of the building removed, and for the extension of the building, and in removing the debris therefrom, and clearing and completing the same as part of its employment.

In the light of the clear and uncontradicted evidence in this case, subdivision four of the lien is quite sufficient. The judgment was properly entered for the amount of materials and the purchase price of the building.

We are of opinion that the lien was filed within the statutory time.

The order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs in both courts.

CULLEN, Ch. J., GRAY, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur; CHASE, J., absent.

Judgment accordingly.