COLEMAN & KRAUSE, Inc., v. SECURITY BANK OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. March 20, 1914.)

1. APPEAL AND ERROR (§ 151*)—PARTIES ENTITLED TO ALLEGE ERROR.

In an action by subcontractors to foreclose a mechanic's lien, where the contractor's assignee, a bank, was made a party, and at the trial there was evidence that the bank had assigned a portion of the claim, a judgment that the city was to pay the balance of the claim to the bank, and retain the amount assigned by it until its assignee's claim was established, did not aggrieve other lienholders, who had been made defendants, and who appealed, as the bank alone was injured.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 947–952; Dec. Dig. § 151.*]

2. JUDGMENT (§ 307*)—CORRECTION—MOTION.

The failure of such judgment to expressly provide which of the lienors was entitled to the small balance which remained could be corrected by motion.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 599; Dec. Dig. § 307.*]

Appeal from Trial Term, Kings County.

Action by Coleman & Krause, Incorporated, against the City of New York, the Security Bank of New York, Edward T. Felgenhauer's Sons, the Yale & Towne Manufacturing Company, and others. From the judgment Edward T. Felgenhauer's Sons and the Yale & Towne Manufacturing Company appeal. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

J. Edward Schwerin, of New York City, for appellant E. Felgenhauer's Sons.

Louis H. Porter, of New York City (F. Carroll Taylor, of New York City, on the brief), for appellant Yale & Towne Mfg. Co.

Richard Bennett, Jr., of New York City, for respondent.

BURR, J. [1, 2] On June 22, 1910, the Fox-Hennessy Company entered into a contract with the city of New York for the construction of a station building to be known as the Power and Gate Houses for the Gowanus Flushing Tunnel, the amount of such contract being for $35,857. The work has been completed, and there now remains unpaid thereon the sum of $4,085. On March 16, 1911, the Fox-Hennessy Company made an assignment to the Twelfth Ward Bank of New York of the sum of $3,628.48, out of moneys to become due under said contract. Subsequently the Twelfth Ward Bank was merged with other banks, assuming the name of the Security Bank of New York. Thereafter the following notices of lien were filed: On April

22, 1911, by Yale & Towne Company for $188.25; on April 25, 1911, by Thomas S. Moran Company for $342.50; on May 3, 1911, by Coleman & Krause, Incorporated, for $507; on May 4, 1911, by William Chandler for $282; and on May 8, 1911, by E. Felgenhauer's Sons for $3,396. Thereafter Coleman & Krause, Incorporated, began this action against the city of New York to enforce its lien, and the Security Bank of New York, sued as Twelfth Ward Bank, and the various lienors above named were made parties defendant. When the action came on for trial the parties stipulated in open court that "the question which arises is whether or not the assignment by the contractors [the Fox-Hennessy Company] to the Security Bank is good as against the claim of the subcontractors." The court at Special Term upon uncontradicted evidence found the due execution and filing of said assignment on March 16, 1911, and to this finding no exception was taken. In the course of the trial, counsel for the Security Bank stated that on February 14, 1912, the bank assigned to one Henry E. Fox a portion of its claim, amounting to $2,917.48. The court thereupon made its judgment that there be paid to the Security Bank of New York the sum of $711, with interest from March 16, 1911, and that the defendant, the city of New York, retain $2,917.48 until the claim of Henry E. Fox to that amount be established, and that "the balance of the moneys still remaining with the city of New York be paid to the mechanics' lienors in the order of their priority." The judgment does not establish the amount due upon either of said claims, nor determine the relative priority thereof. Defendants Yale & Towne Manufacturing Company and E. Felgenhauer's Sons appeal from said judgment, and contend that all of the funds in excess of $711 awarded to the Security Bank should have been distributed among the lienors, upon the ground that there is no proof of the assignment to Henry E. Fox of a portion of the bank's claim. If we concede this to be so, appellants are not aggrieved by the determination that the residue of the fund over and above that amount should be the subject of a further action by the alleged, if unproven, assignee. Upon the proof in the case the entire sum of $3,628.48, named in the perfectly valid assignment to the bank, should have been paid to it. The bank is not appealing upon this ground. If it were, it is difficult to see upon what ground the appeal could be resisted. So much of the judgment as directs that the balance of the fund be held by the city is a provision in favor of and not against the appellants. They are not aggrieved thereby. The failure of the judgment to expressly provide which of the lienors is entitled to the small balance remaining may be corrected by motion. In view of the general provision contained therein, the absence of the necessary findings, and because the proper parties are not before the court upon this appeal, we cannot pronounce final judgment herein.

The judgment must be affirmed, with costs to respondent. All concur.