## FOX v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. December 3, 1915.)

1. JUDGMENT ☞707—CONCLUSIVENESS.

A contracting company executed an assignment of its right and title to moneys due it from the city under a contract. Thereafter the assignee reassigned a portion of the security to plaintiff. After that assignment other claims were filed against the fund, and an action was brought by one of the lienors against the other claimants for the purpose of determining priorities. Plaintiff was not a party to this action, and the judgment directed that a portion of the fund be retained by the chamberlain until plaintiff's claims might be established. *Held,* that as the validity of the assignment to plaintiff could not be determined in that action, and he was not even a party, it was not an adjudication establishing the validity of the reassignment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1230; Dec. Dig. ☞707.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. ASSIGNMENTS &#9753;135—VALIDITY—REASSIGNMENT.

    A contracting company, to whom moneys were due from a city, assigned to a bank part of the moneys due on the contract. Plaintiff, one of those interested in the firm, who had signed its note at the bank, procured from the bank a reassignment for part of the amount. It was the contention of materialmen and laborers, who had claims against the contracting company, that funds of the company were used to procure such reassignment. *Held*, that as plaintiff, in case he used such funds to procure the reassignment, could not retain the money reassigned, evidence as to the origin of moneys which plaintiff paid to the bank, and as to his transactions with the contracting company, was improperly excluded.

    [Ed. Note.—For other cases, see Assignments, Cent. Dig. § 232; Dec. Dig. &#9753;135.]

Appeal from Trial Term, New York County.

Action by Henry E. Fox against the City of New York and others to establish a lien on moneys held by the Chamberlain as a balance due on a contract with the City. From a judgment for plaintiff, certain defendants appeal. Reversed and remanded.

See, also, 155 N. Y. S. 1107.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

Warren McConihe and Joseph J. Speth, both of New York City (Warren McConihe, of New York City, of counsel), for appellants.

Blandy, Mooney & Shipman, of New York City (Edmund L. Mooney, of New York City, of counsel, and Laurence A. Sullivan, of New York City, on the brief), for respondent.

CLARKE, J. On June 22, 1910, the Fox-Hennessey Company entered into a contract with the city of New York for the construction of a station building to be known as the "Power and Gate Houses for the Gowanus Flushing Tunnel"; the amount of said contract being for $35,857. The work has been completed. A balance due thereon remains unpaid.

March 16, 1911, the Fox-Hennessey Company executed an assignment to the Twelfth Ward Bank of all its right, title, and interest in and to the moneys in the hands of the comptroller due or to become due it under said contract to the amount of $3,628.48. Said sum represented the amount due upon a promissory note of the company owned by the Twelfth Ward Bank, on which Robert R. Fox, Henry E. Fox, and William P. Hennessey were indorsers. The said assignment was duly filed prior to the filing of any other liens or claims against the said fund. On February 14, 1912, the Security Bank of New York, the successor of the Twelfth Ward Bank and the owner of said assignment, delivered to the plaintiff an assignment of $2,917.-48 of the said fund, leaving in its possession a claim for $711. After the assignment to Fox there was filed against the said fund certain liens or claims of the defendants, and an action was brought by Coleman & Kraus, one of the lienors, against the others of said defendants, for the purpose of determining the priorities between the said lienors. The said action was tried in Kings county, and it was there adjudged that out of the sum of $4,085 still remaining due the city of New York

&#9753;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

is to pay the Security Bank the sum of $711, with interest from March 16, 1911, and out of the balance due under said contract after such payment the city retain the sum of $2,917.48 until the claim of one Henry E. Fox to that amount is established; that after such amount had been deducted the city of New York is to distribute the balance still remaining to the mechanics' lienors against such fund in the order of their priority. Said judgment was affirmed on appeal.

Pursuant to the decree the city paid $847.62, leaving a balance of $3,237.92 in the hands of the chamberlain. This action was commenced for the purpose of determining the right of the plaintiff to be paid the said amount of $2,917.48 assigned to him out of said balance, with interest from February 14, 1912.

The claim of the plaintiff was not settled in the Kings county suit, because he was not a party thereto. He brought this action to establish the assignment to him. Among other defenses, the answers set up that the assignment to the plaintiff was made without consideration and to avoid the provisions of the Mechanic's Lien Law, to create an unlawful preference as against the rights of laborers and materialmen, and with intent to hinder, delay, and defraud the defendant lienors.

The plaintiff proved the amount due from the city and on hand, the assignment to the Twelfth Ward Bank, and the assignment by the Security Bank to him, dated and acknowledged February 14, 1912. Thereafter the lienors established their liens, and it appeared that the lien or assignment of the Twelfth Ward Bank was filed on March 21, 1911, whereas the other liens were filed at subsequent dates. Thereupon the defendants called Robert R. Fox, who testified that he was the president of the Fox-Hennessey Company; that at the time when the Fox-Hennessey Company made the assignment to the Twelfth Ward Bank the company was indebted to the bank in the sum of $5,-000, said indebtedness being evidenced by a promissory note; that said note was renewed from time to time with the same indorsers; that a payment of $1,371.52 was finally made, reducing the company's indebtedness to the amount of the assignment, to wit, $3,628.48. He then testified that that note was paid. Then he undertook to show how the plaintiff paid that. He said:

"I gave those assignments—that is, to the bank—so that I could protect them with money that was due the Fox-Hennessey Company on this particular contract, the Gowanus Canal. I saw there was just about money enough there, if I could squeeze it out, to give these creditors. They were not lienors at this time, and I thought we would give them about 80 or 90 per cent. So I went to my brother and said: 'Here, I have a contract up in Van Cortland Park that I have coming to me now approximately $4,400 earned.' I said to him: 'Will you take over this contract and finish the balance of this? Your name is on the back of this note. I want to take care of you. I want to try to take care of everybody. I will make a present to you, if you will go ahead and complete the balance of this contract'—which was a contract that was a good contract, which showed by my having a balance of $4,400."

Plaintiff's counsel raised an objection that the contract referred to was not offered in evidence, whereupon it was produced, with the assignment thereof to Henry E. Fox, and it appeared that the contract was not a contract with the Fox-Hennessey Company, but a contract

between McHarg-Barton Company and the witness, Robert R. Fox, individually.

The defendants tried to get in conversations about this Van Cortland Park contract, but the court sustained objections and finally said:

"I rule out all conversations as to the Van Cortland Park contract; bear that in mind. I will put that upon the record, and then we will have no difficulty. If any such testimony creeps in, why it is through inadvertence."

The appellants claim that, in fraud of the creditors of the Fox-Hennessey Company in relation to the completion of the Brooklyn contract, the plaintiff took the reassignment before mentioned, in his own name, from the Twelfth Ward Bank, and seeks to enforce his claim under said reassignment, contrary to the direction of the Fox-Hennessey Company and the arrangements made by plaintiff with said company to pay the note of said Twelfth Ward Bank; that the trial justice ruled that, the plaintiff being a privy to the bank, the reassignment to him barred the defendants from attempting to litigate the question of fraud in this case, because they were bound by the decision in the Supreme Court in Kings county. They contend that they have never had any day in court to litigate the question of fraud, so far as it affects the reassignment by the bank to the plaintiff herein, and that the court erred in ruling out all testimony as to the assignment of the Van Cortland Park contract, so that the defendants could successfully establish the payment to the plaintiff of moneys under said Van Cortland Park contract to take up the note of the Twelfth Ward Bank, now the Security Bank, and leave the money in the hands of the city, so far as same related to the Gowanus Canal contract, for the materialmen and men who performed the labor in the completion of said contract.

They claim that the appellants attempted to prove that the alleged assignment given by the Security Bank to the plaintiff was without consideration and was given for collateral security of the note made by the Fox-Hennessey Company to the Twelfth Ward Bank on which the plaintiff was an indorser, but the court refused to allow any testimony along those lines; that the court erred in excluding the testimony of Robert R. Fox as to the moneys assigned by the Fox-Hennessey Company due or to become due under a contract existing between the McHarg-Barton Company and Robert R. Fox, for building of a drain at Van Cortland Park, which contract was assigned by the said Robert R. Fox to the plaintiff, Henry E. Fox.

The McHarg contract was on its face the personal contract of Robert R. Fox, and he was not allowed to prove that it was in reality a contract of the Fox-Hennessey Company—although it was testified to that said company did all the work thereunder—who assigned it to Henry for the benefit of the Fox-Hennessey Company, so that Henry could pay off this assignment to the bank and leave funds available for lienors.

[1, 2] The Kings county judgment was not res adjudicata as to the Henry E. Fox claim. He was not a party to that suit. The issues now tendered were not and could not have been there raised. The attempt

made to show, in the case at bar, that the assignment to plaintiff was in fraud, and that he actually received the moneys of the Fox-Hennessey Company with which he paid the bank's claim, and not with his own money, were all frustrated.

Henry E. Fox stands here claiming to be the bona fide assignee of the assignment to the Twelfth Ward Bank; but if the moneys with which he purchased it were the moneys of the company, given to him for the purpose of releasing the lien, and he paid the moneys of the company for that purpose, and then appropriated the results for his own benefit, there is an obvious fraud, which it seems to me the defendants were entitled to prove. Whether the defendants could have proved it is not the question. They were not permitted to. When all the evidence is in, the court can see whether defendants have sustained their claim and are entitled to any of the funds still held by the city—and a new trial should be had for that purpose. The defendants seek to review two calendar orders. There is no merit in their contention.

The judgment appealed from, and the findings upon which rendered, should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.