### In re MANTON.

(Supreme Court, Appellate Division, Second Department. July 25, 1912.)

Appeal from Special Term, Kings County.

In the matter of the application of Michael J. Manton for an order for the continuance of a mechanic's lien against property of the Brooklyn & Flatbush Realty Company. From so much of an order as granted a motion to set aside a prior order extending the lien and directing the clerk to vacate and cancel the redocket of the lien, Manton appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Martin T. Manton, of Brooklyn, for appellant.
Benjamin Reass, of Brooklyn, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

JENKS, P. J., and HIRSCHBERG and BURR, JJ., concur. RICH, J., not voting.

WOODWARD, J. (dissenting). On the 29th day of October, 1909, Culp & McCauley, a domestic corporation, filed a mechanic's lien in the office of the clerk of Kings county against real property owned by the Brooklyn & Flatbush Realty Company. This lien was subsequently assigned to Michael J. Manton. On the 24th day of October, 1910, an order was granted by the Supreme Court continuing this lien for the period of six months, and a like order was made extending the time until the 20th day of October, 1911. On the 19th day of October, 1911, a further order was made, extending the time for one year; the order of the court directing that:

"The county clerk of the county of Kings be and he hereby is directed to redocket the said mechanic's lien as of the date of the granting of this order and to make a statement in the books provided therefor of the fact that the said lien is continued by virtue of this order."

This order was absolute, and the duty of the county clerk, as the clerk of the court, to obey this order, was complete, but, notwithstanding the order was delivered to and retained by the county clerk, it was not redocketed as the order directed, and as the statute requires. Section 17, Lien·Law (Consol. Laws 1909, c. 33). On the 30th day of January, 1912, it was discovered that the lien had not been redocketed, and upon the county clerk refusing to comply with the terms of the order, on the ground that the fee should have been paid when the order was delivered to him, an order of the court was procured ex parte directing the clerk to file the order made on the 19th day of October, 1911, nunc pro tunc, as of the date of such order, and this order of the court was duly complied with. Thereupon the respondent moved to vacate and set aside the ex parte orders of October 19, 1911, and February 5, 1912, and to direct the clerk to vacate, withdraw, and cancel the redocket of the mechanic's lien, which had been docketed under the direction of such orders. Upon the hearing at Special Term, the learned court denied the motion to vacate and set aside the order of October 19, 1911, but granted the motion to set aside and vacate the order of February 5, 1912, and directed the clerk to vacate, withdraw, and cancel the redocket of the lien. Appeal comes to this court from this last order.

No rights of third parties have intervened. The controversy is between the owners of the premises and the holder of the lien, and the simple question presented by this appeal is whether the lienor can be deprived of the statutory security for his claim, and the owners of the premises be relieved of their obligation, by the failure of the county clerk to discharge the duties of his office as clerk of the court.

There is no question of the regularity of the order of October 19th. That order now stands, and the statute clearly provides that, upon the granting of such an order, "such lien shall be redocketed as of the date of granting such order and a statement made that such lien is continued by virtue of such order." The essential thing to preserve the rights of the lienor, as against the owner of the premises, is that the "order be granted within one year from the filing of such notice by a court of record, continuing such lien," and then "such lien shall be redocketed as of the date of granting such order." The only penalty for a failure on the part of the clerk to redocket the lien is to expose the lienor to the danger of intervening rights of third parties, but it in no wise takes away the rights secured as against the owner of the premises, and in the present case the duty continues upon the clerk of the county of Kings to redocket the lien as of the date of the order of October 11, 1911. See section 17, giving right to grant new orders continuing the lien from year to year; the lien in question having been thus continued by various orders.

The question of whether the clerk of Kings county was bound to redocket the lien without the payment of his fees is largely academic. His duty is to redocket "as of the date of granting such order," but it is not the docketing that continues the lien. It is the order of the court "continuing such lien," the docketing of the same merely going to the matter of notice to third parties. In other words, the lien is continued by the order of the court, and that lien cannot be affected or defeated by the failure of the clerk to redocket, whether he fails to act because his fees have not been paid or from any other motive. It is true that it was held that where an order continuing the lien was made, and the clerk refused to docket the same because of an alleged clerical error, and the lienor took the order away, the order of continuance could not be made after the expiration of the year to operate nunc pro tunc (Poerschke v. Kedenberg, 6 Abb. Prac. [N. S.] 172), but there the difficulty arose from the fact that the order of the court was not entered, for it was said that the granting of an order without docketing or filing was not sufficient to preserve the order. Here there is no such difficulty. The order has been entered and stands as a part of the record of the court, and that order declares that the lien is thereby "continued for a period of one year from the granting of this order pursuant to the provisions of the Lien Law," and that is all that is required to preserve the lienor's rights, unless some third party's rights should intervene between the granting of the order and the redocketing of the lien.

The order appealed from should be reversed.