modified accordingly. In other respects we agree with the surrogate.

The decree should be modified as indicated, and, as modified, affirmed, with costs to Ellen Leonard et al., Thomas J. McCahill, executor, etc., and the guardian ad litem for the infant Francis P. Brady, payable out of the estate. All concur.

---

NEW YORK COUNTY NAT. BANK v. WOOD et al.   (No. 7302.)

(Supreme Court, Appellate Division, First Department.   June 4, 1915.)

1. MECHANICS' LIENS ⟪⊸149—NOTICE—SUFFICIENCY.
   Under Laws 1909, c. 38 (Consol. Laws, c. 33) § 9, subd. 4, requiring the notice of lien to state the materials furnished or to be furnished and the agreed price or value thereof, and section 23, providing that the article shall be liberally construed and that a substantial compliance with its provisions shall be sufficient, a notice stating that the material furnished and the agreed price thereof was cement, sand, stone, brick, lime, and plaster of a special agreed price, is sufficient; it not being necessary to state the agreed price of the separate items.
   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 256–259; Dec. Dig. ⟪⊸149.]

2. MECHANICS' LIENS ⟪⊸114—PRIORITIES—ASSIGNMENT.
   An assignment by the general contractor of the amount due him for constructing a building is superior to a mechanic's lien, notice of which was not filed until after the filing of the assignment.
   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 149; Dec. Dig. ⟪⊸114.]

3. RECORDS ⟪⊸19—FILING WITH OFFICER—ERRONEOUS REJECTION.
   Where the assignee of a building contractor left his assignment with the county clerk for filing, but the latter refused to accept it on the ground that it was insufficient, the filing dates from the time it was left with the clerk, since the failure of a public officer to do his duty in filing a paper cannot impair the rights of one who has duly delivered it to such officer for filing.
   [Ed. Note.—For other cases, see Records, Cent. Dig. § 44; Dec. Dig. ⟪⊸19.]

4. PRINCIPAL AND AGENT ⟪⊸100—ACTS OF AGENT—SCOPE OF AUTHORITY.
   The fact that the assignee's agent received the assignment back from the clerk does not affect the assignee's priority, since the agent's authority ceased when he had delivered the instrument to the clerk for filing.
   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 262–273, 345, 364, 368–373; Dec. Dig. ⟪⊸100.]

Appeal from Trial Term, New York County.

Action by the New York County National Bank against Theodore C. Wood and others. From a judgment awarding defendant Wood a lien superior to that of plaintiff on a portion of the fund in controversy, plaintiff appeals. Reversed, and judgment awarded to plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

L. Laflin Kellogg, of New York City, for appellant.
William F. Kimber, of New York City, for respondent.

McLAUGHLIN, J.   This action was brought to recover a balance alleged to be due from the Bernheimer & Schwartz Pilsener Brewing Company under a contract with one Peckworth, a general contractor, for the construction of a building at West 127th street, in the city of New York.   The plaintiff, who claimed through an assignment from Peckworth, was one of several claimants to a fund of $11,653.81, which was conceded upon the trial to be the balance held by the owner for claimants entitled thereto.   The respondent, Wood, claimed he was entitled to be paid out of the fund $3,039.61 by virtue of a mechanic's lien thereon, and asked judgment that the lien be foreclosed and he be paid such amount prior to the payment of plaintiff's claim. The trial court sustained his claim and gave him judgment accordingly, from which the plaintiff appeals.   The appeal presents two questions: (1) Whether Wood had a valid lien upon the fund; and (2) if so, whether it were prior to the lien of the plaintiff.

[1] First.  The appellant contends that Wood never had a valid lien, because the notice of lien which he filed did not comply with the statute relating thereto, in that it failed to state the amount of the materials furnished or to be furnished to the Bernheimer & Schwartz Pilsener Brewing Company.   The statement in the notice of lien which it is claimed rendered it invalid is as follows:

"Upon information and belief, the materials furnished and the agreed price and value thereof are as follows: Cement, sand, stone, brick, lime, and plaster, of the agreed price and value of six thousand seventy-seven and $04/100$ ($6,-077.04) dollars."

The statute requires (Laws of 1909, c. 38, art. 2, § 9, subd. 4) that the notice shall state:

"The labor performed or to be performed, or materials furnished or to be furnished and the agreed price or value thereof."

Section 23 provides that the article is to be construed liberally, and that a substantial compliance with its several provisions shall be sufficient for the validity of a lien.

The appellant urges that the statement is insufficient, because only the aggregate, and not the separate amount and value of each kind of material, was given.   I do not think the statute is susceptible of such a narrow construction, and especially in view of the fact that by its terms it is to be liberally construed.   The notice states the kind of materials which went into the building and their agreed price and value.   This is all that is required.   Norton & Gorman C. Co. v. Unique C. Co., 195 N. Y. 81, 87 N. E. 777; Gilmour v. Colcord, 183 N. Y. 342, 76 N. E. 273; Barrett v. Schaefer, 162 App. Div. 52, 146 N. Y. Supp. 1056; Felgenhauer v. Haas, 123 App. Div. 75, 108 N. Y. Supp. 476; Martin v. Gavigan Co., 107 App. Div. 279, 95 N. Y. Supp. 14.   The statement in the notice of lien here considered is certainly no more indefinite than the notices which were held good in the authorities cited.   Thus the statements were:

In Norton & Gorman C. Co. v. Unique C. Co., supra:

"The labor performed and the materials furnished was the moving of a building from the north side of Pacific street and placing the same upon the

premises hereinafter described and designated, and the agreed price thereof is $3,460."

### In Gilmour v. Colcord, supra:

"The labor performed or to be performed is plumbing and gas fitting, and the materials furnished or to be furnished and the agreed price or value thereof is iron, lead, and brass pipe and fittings and castings, baths, sinks, basins, tubs, closets, and other sanitary materials at the contract price of $7,300."

### In Barrett v. Schaefer, supra:

"The labor performed was setting iron and glass doors, iron stair, bronze saddles, iron lamps, iron ladder. The labor to be performed is to set wrought iron grilles, and quarter-inch plate glass in doors. The material furnished was iron entrance doors, iron stairs, bronze saddles, iron lamps, and iron ladder. The material to be furnished is quarter-inch plate glass in entrance doors. The agreed price and value of said labor is ten hundred seventy and $^{68}/_{100}$ dollars. The agreed price and value of said material is eighteen hundred seventy-eight $^{27}/_{100}$ dollars, or total for labor and materials twenty-nine hundred fifty dollars."

### In Felgenhauer v. Haas, supra:

"The labor performed and to be performed and the material furnished and to be furnished consists of iron material and labor necessary for the construction and erection thereof * * * actually used and employed in the erection of buildings upon the plot of land below described, and the agreed price and value thereof is two thousand dollars, and the amount unpaid to the lienor for such labor and materials is two thousand dollars."

### In Martin v. Gavigan, supra:

"The labor performed or to be performed consisted of all the carpenter work for and upon a building on the premises described below, and the material furnished or to be furnished is the lumber, exterior woodwork, timber, nails, window frames, and other material specified in carpenter's specifications. * * * The total value of such work and material to date is $13,511.95."

I do not think that Toop v. Smith, 181 N. Y. 283, 73 N. E. 1113, or Finn v. Smith, 186 N. Y. 465, 79 N. E. 714, upon which appellant principally relies, when properly considered, sustain the appellant's contention that the notice is invalid, nor are such authorities in conflict with those above cited.

[2] Second. Wood having acquired a valid lien by the notice filed, the remaining question is whether it was superior to the claim of the plaintiff. The trial court held it was, and in doing so, I think, erred. Plaintiff's claim, as stated, is by an assignment from Peckworth. If the assignment were filed in the county clerk's office prior to the time Wood's notice was filed, then it is superior to and takes precedence over it. Bates v. Salt Springs National Bank, 157 N. Y. 322, 51 N. E. 1033; Lauer v. Dunn, 115 N. Y. 405, 22 N. E. 270; Coleman & Krause v. Security Bank, 161 App. Div. 715, 146 N. Y. Supp. 622; Contractors' Supply Co. v. City of New York, 153 App. Div. 60, 138 N. Y. Supp. 242. Wood's notice of lien was filed in the county clerk's office on the 3d of February, 1913, at 2:43 p. m. About 2 o'clock in the afternoon of the same day the managing clerk in the office of plaintiff's attorney presented the assignment and contract of Peck-

worth "to a clerk in the county clerk's office." The managing clerk testified:

"I first·went up to see Mr. Williams. He refused to accept it on the ground that there was not any description to docket the paper by. * * * He threw it back at me; as I remember it' fell to the ground, in fact. I then went upstairs ·and telephoned to see if I could get a better description, and the best description I could get was 127th street, near Amsterdam avenue, of which I made a note on the contract. * * * I then took it back and went to Mr. Mullen."

He further testified that he left the paper with Mullen with the understanding that he would try to get the block index number and telephone him when he got a better description; that he told Mullen to file it when he gave him the discription; that he "called him up and he [Mullen] told me he had already found the description from another lien." The assignment was stamped filed at 2:45 p. m., two minutes after the filing of Wood's notice of mechanic's lien.

[3] The appellant urges that the assignment must be considered filed at the time it was first presented to the clerk, Williams, for that purpose. The court below, as appears from his opinion, recognized that the failure of the clerk to accept the assignment was erroneous, and stated, if the plaintiff's representative had refused to take it back and had stood upon his rights, he would be in a position to urge that the delivery to the clerk constituted a. filing within the law. But he was of the opinion that, when the managing clerk took back the assignment and left it with Mullen, plaintiff lost any rights which it might otherwise have had. In thus holding, I think the trial court erred. It is undisputed that the assignment was in proper form for filing when presented to the clerk for that purpose, nearly three-quarters of an hour before the Wood notice was filed. There are numerous authorities to the effect that a paper is considered filed in a public office when at such office it is delivered for filing to the proper officer. Manhattan Co. v. Laimbeer, 108 N. Y. 578, 15 N. E. 712; Mutual Life Ins. Co. v. Dake, 87 N. Y. 257; Fink v. Wallach, 109 App. Div. 718, 96 N. Y. Supp. 543; Sage v. Stafford, 42 App. Div. 449, 59 N. Y. Supp. 545; Dodge v. Potter, 18 Barb. 193; Bishop v. Cook, 13 Barb. 326. This rule is predicated upon the fact that the failure of a public official to perform his duty in filing a paper does not impair the rights of an individual who has properly delivered it to him or his authorized. representative for such purpose. Gates v. State of New York, 128 N. Y. 221, 28 N. E. 373; Fink v. Wallach, supra. Such rule applies here. It was the duty of the clerk to accept and file the assignment when delivered to him by plaintiff's representative. He did take, and then returned, it. The rights of the plaintiff cannot be defeated because the clerk did not retain the paper and refused to file it. The rights of a party cannot be destroyed because a public official refuses to do his duty.

[4] The fact that the plaintiff's representative, after the clerk had thrown the assignment back at him, picked it up and took it away, did not, as I look at it, change the situation. The assignment was ·duly executed and in proper form to be filed. ·The plaintiff's representative was authorized simply to deliver the assignment to the clerk for filing,

and when he delivered the paper he had exhausted his authority to act for the plaintiff. He was not authorized to thereafter take the assignment and go to some one else for the purpose of having an imaginary error corrected, and because he did so it did not deprive the plaintiff of the right which it had, prior to that time, obtained by the delivery of the paper to the clerk. The plaintiff's assignment must therefore be considered as having been filed at the time it was first delivered to the clerk for the purpose of filing, which was prior in point of time to the filing of the notice of lien by Wood.

It follows that the judgment, in so far as appealed from, should be reversed, with costs, and judgment awarded the plaintiff, with costs, and the findings of fact and conclusions of law made by the trial court, in so far as they are inconsistent with the views herein expressed, are reversed, and findings of fact and conclusions of law made in accordance with these views. All concur.