MICHAEL J. MANTON, Appellant, *v.* BROOKLYN AND FLATBUSH REALTY COMPANY, Respondent, Impleaded with Others.

Mechanic's lien — renewal of lien by order of court — failure to have lien redocketed by omission to pay clerk's fee — validity of lien although not redocketed where no rights have intervened and no prejudice or loss has been suffered by owner.

This action is brought to foreclose a mechanic's lien. The plaintiff's assignors filed their notice of lien and the lien was entered in the docket. Before the expiration of the year it was redocketed and continued for a second year and a short time before the expiration of that year an order was made by the court under section 17 of the Lien Law (L. 1909, ch. 38; Cons. Laws, ch. 33) that it be continued for another year. This order was filed with the county clerk, but by reason of failure to pay the clerk's fee it was not redocketed. A few months later the omission was discovered and plaintiff procured an *ex parte* order that on payment of the fee the lien be redocketed *nunc pro tunc*. This order was vacated and the order vacating it affirmed in the Appellate Division and this court. No rights of third parties have intervened and no prejudice or loss is shown to have been suffered by the owner. *Held*, that the docketing or redocketing is not a condition of the creation or continuance of the lien but is the act of the clerk and its function is notice; that, therefore, the lien exists; it came into being when the notice was filed, and was continued by the filing of the order, and since no loss has been suffered through the plaintiff's omission to cause its entry in the docket, it is valid and enforceable.

*Manton* v. *Brooklyn & Flatbush Realty Co.*, 160 App. Div. 783, reversed.

(Argued January 31, 1916; decided February 22, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 11, 1914, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Martin T. Manton* for appellant. A valid lien existed at the time of the commencement of this action to foreclose the lien. (*M. L. Ins. Co.* v. *Dake,* 87 N. Y. 257; *Hartwell* v. *Riley,* 47 App. Div. 154; *Kelly* v. *Highland Const. Co.,* 133 App. Div. 579; *Vilas* v. *Page,* 106 N. Y. 439.)

*Benjamin Reass* for respondent. The order continuing the lien is wholly inoperative unless the lien is redocketed. The terms of the statute are clear and precise and admit of no uncertainty. (Lien Law, § 17; *Terwilliger* v. *Wheeler,* 81 App. Div. 460; *Hawkins* v. *Mapes-Reeves Const. Co.,* 82 App. Div. 72; 178 N. Y. 236; *Spencer* v. *Barnett,* 35 N. Y. 94; *Maurer* v. *Bliss,* 14 Daly, 150; 116 N. Y. 665; *Fish* v. *Anstey Const. Co.,* 71 Misc. Rep. 2; *Bishop* v. *Cook,* 13 Barb. 326; *Dodge* v. *Potter,* 18 Barb. 193; *Gates* v. *State,* 128 N. Y. 228.)

CARDOZO, J. This action is brought ·to foreclose a mechanic's lien. The plaintiff's assignors filed their notice of lien on October 29, 1909, and the lien was entered in the docket. It was continued and redocketed on October 20, 1910. On October 19, 1911, an order was made that it be continued for another year. This order was filed with the clerk of Kings county on October 20, 1911. A fee of fifty cents is payable to the clerk for docketing a lien (L. 1906, ch. 446). This fee was not paid, and so the lien was not redocketed. The omission was discovered in February, 1912. The plaintiff procured an *ex parte* order that on payment of the fee the lien be redocketed *nunc*

*pro tunc* as of October 19, 1911. That order was vacated upon motion, and the ruling was affirmed in the Appellate Division and in this court (*Matter of Manton*, 152 App. Div. 888; 206 N. Y. 742). The question now to be determined is whether the delay in redocketing has terminated the lien.

Section 17 of the Lien Law (L. 1909, ch. 38; Consol. Laws, ch. 33) provides that no mechanic's lien shall continue for a longer period than one year after the notice of lien has been filed unless within that time an action of foreclosure is commenced and a notice of *lis pendens* filed, " or·unless an order be granted within one year from the filing of such notice by a court of record, continuing such lien, and such lien shall be redocketed as of the date of granting such order and a statement made that such lien is continued by virtue of such order." In this case the order was obtained and filed within the year; but the redocket was not made till after the expiration of the year. No rights of third persons have intervened, and no prejudice or· loss is shown to have been suffered by the owner.

The effect of the failure to redocket a continued lien can be no greater than the effect of the failure to docket a lien when the notice is first filed. Section 3 of the Lien Law says that the contractor shall have a lien " from the time of *filing* a notice of such lien as prescribed in this article." Section 10 says that the notice of lien may be filed during the progress of the work or within· a stated time thereafter. It then goes on to provide that the county clerk of each county shall keep a book to be called the lien docket, which shall be ruled in columns with prescribed headings " in each of which he shall enter the particulars of the notice properly belonging therein." The filing of the notice is the act that creates the lien. In like manner the filing of the order of the court is the act that continues it when the year has expired (Lien Law, sections 17 and 19). The entry in the docket is not

a condition of the creation of the lien. The re-entry in the docket is not a condition of its continuance. The condition is "unless the order be granted." What follows is not a condition but a command: "Such lien *shall* be redocketed." The command is addressed to the public officer by whom the docket book is kept. The docket or redocket is the act of the clerk, and its function is notice.

Many decisions uphold the conclusion that the existence of a lien is not affected by the omission of a public officer to enter it in the public records. In *Mutual Life Ins. Co.* v. *Dake* (87 N. Y. 257, 263) a mortgage upon real estate was not indexed by the clerk. None the less it was held to have been effectually recorded. In *Prest., etc., of Manhattan Co.* v. *Laimbeer* (108 N. Y. 578, 590) the certificate for a limited partnership was filed, but the clerk failed to record it, and it was held that the partnership had been duly formed. In *Bishop* v. *Cook* (13 Barb. 326) and *Dodge* v. *Potter* (18 Barb. 193) the duty of the town clerk was to provide suitable books and to enter in them the names of · parties to chattel mortgages. He failed to fulfill that duty, but the chattel mortgages were not affected (*Prest., etc., of Manhattan Co.* v. *Laimbeer, supra*, at p. 590). Other cases involve similar rulings (*Fink* v. *Wallach*, 109 App. Div. 718; *N. Y. County Nat. Bank* v. *Wood*, 169 App. Div. 817, 821). If the courts below are right and the docket is essential to the creation of the lien, the lienor who files a notice is not at liberty to depart in peace. He must follow up the conduct of the clerk, and wait till in the press of business the lien is entered in the docket book. We think that no such consequence was intended by the legislature. The analogy of judgment liens is of no value. The statute expressly declares that a judgment "neither affects real property or chattels real, nor is entitled to a preference, until the judgment roll is filed, and the judgment docketed" (Code Civ. Pro. § 1250). The clerk who omits to docket a · judgment forfeits a penalty, and is also liable

for damages (Code Civ. Pro. § 1248). If the legislature had intended that like consequences should follow from the failure to docket a mechanic's lien, we may believe that it would have been equally explicit.

The defendant insists, however, that a distinction must be made between a case where the failure to redocket is due to the neglect of the clerk, and one like the case at bar where it is due to the default of the lienor himself. The distinction is a real one. The docket does not create the lien, but it does give notice of the lien. If the act of the lienor has made notice impossible, he must be held to have estopped himself from enforcing his lien against persons who would otherwise be misled to their prejudice. He cannot withhold from the clerk the fees essential to the registry of his lien, and charge the public at the same time with notice of its existence. That is not because the lien does not exist, but because his election to keep it secret deprives him in such circumstances of the right to enforce it (*Trenton Banking Co.* v. *Duncan,* 86 N. Y. 221, 228; *Trustees of Town of Brookhaven* v. *Smith,* 118 N. Y. 634; *Thompson* v. *Simpson,* 128 N. Y. 270). The lienor who willfully or negligently keeps his lien off the docket "knows or ought to know that some one is relying upon his silence and will be injured by that silence" (*Collier* v. *Miller,* 137 N. Y. 332, 339). There is thus a duty to speak, a duty to give notice, which, if violated, gives rise to an estoppel. Even then, the estoppel is for the protection of those persons only whom silence has misled or injured. There are no such persons here. There are no intervening rights or claims of right. The lien exists; it came into being when the notice was filed; it was continued by the filing of the order; and since no loss has been suffered through the plaintiff's omission to cause its entry in the docket, it is valid and enforceable.

We think there is nothing in the earlier decision of this court that is hostile to this conclusion. All that was then held was that the plaintiff was not entitled to an order

for a redocket *nunc pro tunc* (*Matter of Manton*, 206 N. Y. 742). There is no doubt of the correctness of that ruling. The clerk's omission to redocket the lien on October 20, 1911, was not a wrongful act. It was rightful, for the statutory fee had not been paid. There would, therefore, have been no propriety in an order *nunc pro tunc* (*Guarantee T. & S. D. Co.* v. *P., R. & N. E. R. R. Co.*, 160 N. Y. 1, 7). There would have been manifest impropriety, since the order might have prejudiced the rights of intervening claimants. Whether the lien may be enforced though the entry in the docket be omitted, is a question which was not before us and which we did not attempt to decide.

The judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, HOGAN and SEABURY, JJ., concur.

Judgment reversed, etc.