**CONSTANCE v. HARVEY.**

No. 247, Docket 23036.

United States Court of Appeals, Second Circuit.

Argued May 12, 1954.

Decided July 7, 1954.

Rehearing Denied Aug. 3, 1954.

Milton E. Ehrenreich, New York City, for petitioner-creditor-appellant.

Harvey M. Lifset, Albany, N. Y., for trustee-appellee.

Before CHASE, Chief Judge, and HINCKS and HARLAN, Circuit Judges.

HARLAN, Circuit Judge.

The question before us is whether a chattel mortgage given by Francis T. Reilly, the bankrupt, to Thomas Constance, the appellant, is valid as against Reilly's Trustee in Bankruptcy, the appellee.

On November 23, 1949, Constance sold to Reilly, residing at Watervliet, Albany County, N. Y., a roadside diner located in the City of Albany, N. Y. The purchase price was $35,000, payable $15,000 in cash and $20,000 by a purchase money mortgage executed by Reilly in favor of Constance.

On November 25, 1949, Milton E. Ehrenreich, the attorney for Constance, sent copies of the mortgage to the County Clerk of Albany County and the Town Clerk of Watervliet for filing, together with the appropriate filing fees. The copy of the mortgage sent to the Albany County Clerk was duly filed in his office in the City of Albany but the copy sent to the Watervliet Clerk was returned to Mr. Ehrenreich, with a notation "Filed in Albany." Concededly, Watervliet was the only proper place of filing, since (a) that was where Reilly, the mortgagor, resided, and (b) the County Clerk of Albany County, in which Watervliet was situated, had no office in Watervliet; and the filing in the Albany County Clerk's office was of no avail.

New York Lien Law § 232, McK.Consol.Laws, c. 33.[1]

Mr. Ehrenreich testified that he took the Watervliet Clerk's notation to mean that Reilly had changed his residence to Albany, where the diner was located, and that he made no further effort to accomplish filing in Watervliet until October 5, 1950—over ten months later—when he sent a representative to Watervliet for that purpose. This time the Watervliet Town Clerk filed the instrument, and there was hearsay evidence, which was not objected to, that the Clerk then acknowledged that he had made an error in not filing the mortgage when he had originally received it in November 1949. It was found below that the Clerk had so erred.

Reilly was adjudicated a bankrupt on October 23, 1951, and Arthur J. Harvey was appointed Trustee. The sole asset of the estate was the diner which was sold by the Trustee for $22,150, against which proceeds Constance claims a valid lien to the extent of $15,650, the unpaid balance of the purchase price of the diner. The District Court, confirming the Referee in Bankruptcy, has held the chattel mortgage invalid as against the Trustee.

The first question we have to decide is this: Was the effective filing date of this chattel mortgage shortly after November 25, 1949, when the Watervliet Clerk received the instrument and erroneously failed to file it, or on October 5, 1950, when the mortgage was actually filed at Watervliet? It is conceded that this question is to be determined under New York law.

The New York Lien Law makes chattel mortgages which have not been filed as provided therein void as against creditors of the mortgagor and subsequent good faith purchasers and mortgagees for value, but specifies no time for filing. §§ 230, 232. The New York Courts hold that filing must be within a reasonable time after execution of the instrument. Tooker v. Siegel-Cooper Co., 1909, 194 N.Y. 442, 87 N.E. 773. Absent extenuating circumstances, it could scarcely be disputed that a delay of over ten months is not a filing within a reasonable time. It is argued, however, that this delay was excused by the mistake of the Watervliet Clerk, and we are referred to a number of cases in which it has been held that the failure or refusal of a public official to file an instrument required to be filed is not to be charged against one claiming under it. Manton v. Brooklyn & Flatbush Realty Co., 1916, 217 N.Y. 284, 111 N.E. 819; President etc. of the Manhattan Company v. Laimbeer, 1888, 108 N.Y. 578, 15 N.E. 712; New York County Nat. Bank v. Wood, 1st Dept. 1915, 169 App.Div. 817, 153 N.Y.S. 860, affirmed New York County Nat. Bank v. Peckworth, 222 N.Y. 662, 119 N.E. 1062; In re Labb, D.C.W.D.N.Y.1941, 42 F.Supp. 542.

We think these cases are distinguishable from the one before us. In each of them the fault was entirely that of the public official involved, without any neglect on the part of the person attempting to file, or there were no intervening rights of third parties. Here the Referee found that the attorney for the mortgagee knew that the mortgagor resided at Watervliet, and the attorney himself testified that he understood the law to require filing there. Yet he did nothing further to accomplish filing in Watervliet until over ten months after the Clerk had returned the mortgage

---

1. "§ 232. Where filed.
    * * * Every * * * chattel mortgage, or an instrument intended to operate as such, or a true copy thereof, must be filed * * * in the town or city where the mortgagor, if a resident of the state, resides at the time of the execution thereof, and if not a resident, * * * in the town or city where the property mortgaged is at the time of the execution of the mortgage. * * * In every other town or city of the state [other than New York City], such instrument shall be filed in the office of the town or city clerk, unless there is a county clerk's office in such town or city, in which case it must be filed therein."

to him without filing, and offered no excuse for this inaction. The circumstances here are quite different from those in New York County Nat. Bank v. Wood, supra, where the managing clerk of the lienor's attorney took back to his superior the instrument which he had attempted to file, and the matter was then promptly followed up and filing accomplished within less than one hour.

In the present case, the inaction of the appellant's attorney was in effect an acquiescence for more than ten months in the Watervliet Clerk's failure to file the mortgage. As was said by Cardozo, J., in the Manton case, supra, 217 N.Y. at page 288, 111 N.E. at page 820: "If the act of the lienor has made notice impossible, he must be held to have estopped himself from enforcing his lien against persons who would otherwise be misled to their prejudice." We think that the Referee and the District Court were correct in holding that the filing in the present case was not seasonable under the New York law.

This, however, does not dispose of the case, as the District Court seems to have thought, for the belated filing on October 5, 1950 may nonetheless have been effective as against Reilly's Trustee in Bankruptcy. Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, upon which the Trustee principally relies, clothes the Trustee with the status of a lien creditor as to any property of the bankrupt with respect to which a hypothetical creditor of the bankrupt "could have obtained a lien by legal or equitable proceedings at the date of bankruptcy." By definition the "date of bankruptcy" is the "date when the petition was filed." Bankruptcy Act, § 1(13), 11 U.S.C.A. § 1(13). But under New York law the filing of this chattel mortgage, even though belated, was good as to all creditors of Reilly who became such *subsequent* to the filing of the mortgage, whether belated or not. In re Myers, 2 Cir., 1928, 24 F.2d 349; In re Ideal Steel Wheel Co., 2 Cir., 1928, 25 F.2d 651. Hence under § 70, sub. c the Trustee did not have the status of

a lien creditor with respect to this property unless the petition in bankruptcy was filed *prior* to October 5, 1950, when the chattel mortgage was filed by the Watervliet Town Clerk. 4 Collier on Bankruptcy, pp. 1272, 1273, 1287–1293. The record shows that Reilly was *adjudicated* a bankrupt on October 23, 1951, more than a year after the mortgage was filed, but it fails to show when the petition in bankruptcy was filed. Hence we are unable to determine whether under § 70, sub. c the belated filing by the mortgagee was valid or invalid as against the Trustee.

Nor is the position of the Trustee aided by § 70, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e, making void as against a Trustee any "obligation incurred by a debtor adjudged a bankrupt * * * which, under any Federal or State law applicable thereto, is * * * voidable * * * by any creditor of the debtor, having a claim provable * * *" against the estate. Under New York law this chattel mortgage was invalid only as to creditors of Reilly becoming such *prior* to October 5, 1950, when the mortgage was filed at Watervliet, and unless there was at least one such creditor the belated filing was nevertheless good as against the Trustee. See Zamore v. Goldblatt, 2 Cir., 1952, 194 F.2d 933; In re Myers, supra. Here again the record is deficient, since it fails to show that any of the bankrupt's creditors had become creditors prior to October 5, 1950. So again we are not in a position to determine whether under § 70, sub. e the mortgage was valid or invalid as against the Trustee.

In light of these controlling considerations, it becomes clear that on this record the order below cannot stand. However, rather than reversing for dismissal, we are constrained to remand the case to the District Court for further findings, with instructions to grant the appellant's lien petition if it be found that the petition in bankruptcy was filed *after* October 5, 1950, *and* that none of the bankrupt's creditors, having a provable claim, became a creditor *prior* to

October 5, 1950, and otherwise to dismiss the petition.

Reversed and remanded.

### On Petition for Rehearing

PER CURIAM.

Appellant's Petition for Rehearing sets forth nothing which persuades us that we were wrong in concluding that the chattel mortgage was not timely filed. We must therefore deny the Petition for Rehearing.

 The Court, however, *sua sponte* takes this occasion to correct the opinion already filed in one respect in which we think we were mistaken. We there stated that § 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c, did not avail the Trustee because the record failed to show that the petition in bankruptcy had been filed prior to the actual recording of the mortgage. On further consideration we think that is not so in view of the provisions of § 230 of the N.Y. Lien Law, McK.Consol.Laws, c. 33, as construed by the New York Courts, making unrecorded chattel mortgages void as to *simple contract creditors* becoming such, without notice, prior to actual recording—see Karst v. Gane, 1892, 136 N.Y. 316, 323, 32 N.E. 1073; In re Shay's Estate, Surrogate's Court, Livingston Co., 1935, 157 Misc. 615, 285 N.Y.S. 379—in contrast to the provisions of § 65 of the N.Y. Personal Property Law, McK.Consol.Laws, c. 41, making unrecorded *conditional sales contracts* void as to creditors, without notice, who have acquired *liens* on the goods prior to recording of the contract. Since an existing creditor without notice of the *chattel mortgage*, could have obtained a lien at the time of the filing of the petition in bankruptcy, and since under § 70, sub. c of the Bankruptcy Act the Trustee was entitled to be put in the position of an "ideal" hypothetical creditor—Hoffman v. Cream-O-Products, 2 Cir., 180 F.2d 649, certiorari denied 1950, 340 U.S. 815, 71 S.Ct. 44, 95 L.Ed. 599—we think his position must prevail over that of the mortgagee-appellant.

This leads us to correct our original opinion in this respect, and on this ground to affirm the judgment below.

Petition for rehearing denied. Judgment below affirmed.