**In the Matter of Claude R. PRATHER, d/b/a Prather Electric Company, Bankrupt.**

**No. 10344.**

United States District Court
S. D. Illinois, N. D.
Jan. 4, 1956.

Ira J. Covey, Peoria, Ill., for petitioner.

John B. Stoddart, Jr., U. S. Atty., Springfield, Ill., John M. Daugherty, Asst. U. S. Atty., John C. Parkhurst, London G. Middleton, David C. McCarthy, Peoria, Ill.

ADAIR, District Judge.

This cause before this Court on petition to review an order of the referee in bankruptcy directing Ralph Van Beuning, former trustee in the bankrupt estate of Claude R. Prather d/b/a Prather Electric Company, to make suitable arrangements with the United States of America to extinguish the lien of the United States of America on property so sold by the former trustee.

Question presented is whether or not the former trustee is liable to the United States of America for his failure to pay the United States of America the amount of a secured lien held by the United States of America against certain real estate sold by the former trustee belonging to the bankrupt.

There is no question that the United States of America secured a default judgment against the bankrupt Claude R. Prather in the District Court of Peoria, Illinois, on January 14, 1946 in the sum of $357.76, plus interest and costs; and that execution was issued on the date of default judgment.

The bankrupt owned on March 17, 1950, the following described property, to wit:

Lot Seven (7) in Pettett's Subdivision of Block Thirty-nine (39) in Moffitt's and Holman's Addition to Chillicothe; situated in the County of Peoria and State of Illinois.

On March 17, 1950, the former trustee filed his petition to sell the above described real estate "free and clear of all liens with any liens to be transferred to the proceeds of sale thereof."

The former trustee had constructive notice of the lien of the United States of America, which was on file in the office of the Clerk of this Court, but that the former trustee failed to notify either the Federal Housing Administration or the United States Attorney of the proposed sale of real estate owned by the bankrupt.

An order for sale of real estate in question was entered on April 3, 1950, said order reading in part: "and the liens on real estate, if any, attach to the proceeds of said property in the hands of said trustee instead of to the real estate."

On April 24, 1950, former trustee filed his report of sale of real estate, said report reading in part, as follows: "He struck off to and sold to said Charles L. Sturm the premises, subject to approval of the Court, free and clear of all liens thereon, except the taxes for the year 1949, the liens or claims on said premises to attach to the proceeds of the sale in the hands of said trustee instead of to said property."

The lien of the United States of America recorded in the office of the Clerk of this Court was on April 24, 1950,

a good and valid lien against the property so sold by the former trustee.

The United States of America having obtained its judgment and recorded it in the office of the Clerk of the Court, as aforesaid, was required to take no other action to constitute it a lien on all the real estate of the bankrupt located in the same county as the Court. The law is well settled that a lien claimant may rely on his security and not appear to press his claim in the bankruptcy court.

▮▮ The question before the Court is whether or not the former trustee had the duty of affirmatively ascertaining the existence of the judgment in order to make certain that he would notify all necessary parties. Under the facts of this case, I feel that he did. Judgment being properly recorded under the statute was notice to all the world of its existence. It was on file in the same court and with the same Clerk as was the bankruptcy itself in the same county where the land was located and where the bankrupt, the former trustee and his attorneys all reside and have their place of business. It would surely involve no great hardship for former trustee under these circumstances to ascertain whether there were any judgments on file against the real estate that he was selling free and clear of liens, and it is the opinion of the Court that he had a definite duty to do so. It is the further opinion of this Court that the former trustee's failure to comply with that duty under the circumstances of this case amounted under the law to negligence.

▮ General Order 17(1), 11 U.S. C.A. following section 53, makes it a duty of a trustee to "prepare a complete inventory of all the property of the bankrupt or debtor that comes into his possession." A complete inventory must, of course, set forth whether the bankrupt's title to a piece of property is clear or merely in equity subject to encumbrance. Section 70, sub. f of the Act, 11 U.S.C.A. § 110, sub. f, requires that the bankrupt's property be appraised and obviously a correct appraisal of the bankrupt's interest is impossible without knowing whether his title is encumbered.

The United States of America had a lien which was duly recorded. The former trustee's sale "free and clear of liens" produced more than enough to pay all liens then outstanding but the lien of the United States of America was ignored. The United States of America's failure to receive its lawful share of the sales proceeds was a direct result of the former trustee's disregard of his duty under the general orders in bankruptcy to search the title, ascertain the liens thereon, and give notice to the holders thereof.

▮ The former trustee, therefore, rendered himself personally liable to the United States of America by distributing the fund in disregard of the Government's lien.

Wherefore, it is hereby ordered and decreed that Ralph Van Beuning, the former trustee of the bankrupt estate of Claude R. Prather d/b/a Prather Electric Company, shall pay to the United States of America the sum of $445.30. being the total of the following sums:

| Principal | $337.76 |
|-----------|---------|
| Interest  | 71.72   |
| Costs     | 35.82   |