272 F.2d 6
 Stuart E. HERTZBERG, Trustee, Appellant,
v.
ASSOCIATES DISCOUNT CORPORATION, Appellee.
In the Matter of Hyman FREEDMAN, d/b/a Hyman Freedman Kosher Meats & Poultry, Bankrupt.
 No. 13799.
 United States Court of Appeals Sixth Circuit.
 December 1, 1959.
 
 Herbert Weingarten, Detroit, Mich. (Steven I. Victor, Detroit, Mich., on the brief), for appellant.
 Archie Katcher, Detroit, Mich. (Katcher & Feldman, and David W. Laughery, Detroit, Mich., on the brief), for appellee.
 Before MILLER, CECIL and WEICK, Circuit Judges.
 SHACKELFORD MILLER, Jr., Circuit Judge.
 
 
 1
 This case involves the validity of a chattel mortgage on a Chevrolet truck owned by the bankrupt against the claim of the trustee in bankruptcy that the mortgage be declared null and void.
 
 
 2
 The bankrupt filed a voluntary petition in bankruptcy on January 2, 1958, and was adjudicated on that day. Previously, on June 26, 1957, the bankrupt had purchased the Chevrolet truck and executed a chattel mortgage thereon, which was recorded in the office of the Wayne County Register of Deeds on July 5, 1957, nine days after execution. The bankrupt had possession of the truck from the purchase date until the mortgagee's assignee, Associates Discount Corporation, repossessed it, either shortly before, or shortly after, the date of bankruptcy.
 
 
 3
 The receiver, who is the present trustee, petitioned the referee for an order to show cause why the mortgage lien of Associates Discount Corporation should not be declared null and void under Sec. 70, sub. c, of the Bankruptcy Act, Sec. 110, sub. c, Title 11 U.S.C.A. Associates Discount Corporation contended that its lien was valid under Act 153 Mich.Public Acts 1956, Sec. 26.929, M.S.A. The referee declared the lien null and void. On review, the District Judge reversed the ruling of the referee and held the lien valid, from which ruling this appeal was taken.
 
 
 4
 Sec. 70, sub. c, of the Bankruptcy Act provides in part, as follows: "* * * The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."
 
 
 5
 Michigan Act 153 provides that a chattel mortgage of the kind involved in this action shall be void as against the creditors of the mortgagor, unless the mortgage shall be recorded as therein provided, "Provided, however, That any such mortgage shall not be void in the case of insolvency proceedings as against the creditors of the mortgagor if filed within 14 days from the date thereof; * *."
 
 
 6
 The trustee argues that Sec. 70, sub. c, gives him the power to avoid this lien since, under its provisions, a trustee is clothed with all the powers of "a perfect hypothetical lien creditor." Sec. 70.47, Vol. 4, Collier on Bankruptcy, 14th Edition; Constance v. Harvey, 2 Cir., 215 F.2d 571, certiorari denied, 348 U.S. 913, 75 S.Ct. 294, 99 L.Ed. 716. The trustee therefore has all the rights of a pre-existing creditor who extended credit during the nine days the chattel mortgage was not of record. Associates Discount Corporation argues that Act 153 is applicable to this proceeding and gives the lienor 14 days to record the mortgage before any interim creditor could avoid the lien in insolvency proceedings. In reply, the trustee contends that Act 153 is in conflict with Sec. 70, sub. c, Bankruptcy Act, and thus is not applicable to bankruptcy proceedings.
 
 
 7
 The opinion of the District Judge, reported at In re Freedman, D.C. E.D.Mich., 168 F.Supp. 25, carefully analyzes and discusses these contentions. It was his conclusion that the powers of the trustee as a hypothetical creditor are to be determined by reference to state law, that in the enactment of Sec. 70, sub. c, Congress did not intend any limitation on the extent to which state law might curtail these powers, and that Act 153 did not strip the trustee of any powers, since the trustee had never acquired the power to invalidate the lien. This ruling is in accord with the settled law that the effect to be given in bankruptcy to an unrecorded chattel mortgage is determined by the recording law of the state, Holt v. Crucible Steel Co., 224 U.S. 262, 265, 32 S.Ct. 414, 56 L.Ed. 756; Trailmobile, Inc. v. Wiseman, Trustee, 6 Cir., 244 F.2d 76; In re Glassman, 6 Cir., 262 F.2d 857, and that when the bankruptcy court takes over the bankrupt's property, such property is taken subject to pre-existing rights established by the local state law. In re Barlum Realty Co., 6 Cir., 154 F.2d 562, 565; In re Sachs, 4 Cir., 30 F.2d 510, 515. See also: In re Prather, D.C.S.D.Ill., 138 F. Supp. 433; Sec. 70.49, Vol. 4, Collier on Bankruptcy, 14th Edition.
 
 
 8
 We concur in the conclusion of the District Judge for the reasons stated at length in said opinion, which need not be repeated here.
 
 
 9
 The judgment is affirmed.